IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MATTHEW RYGELSKI,**

**Plaintiff,**

vs.

**QUAKER WINDOW PRODUCTS CO.,
and CHARLEY DUNCAN, Individually
and as an agent/employee of
QUAKER WINDOW PRODUCTS CO.,**

**Defendants.**                              **No. 02-CV-00209-DRH**

### ORDER

**HERNDON, District Judge:**

Plaintiff made six objections to the deposition testimony of R. Peter Mirkin, M.D., on two grounds: beyond the scope of the expert's report and lack of foundation that he relied on this record in forming his opinion. As to Plaintiff's first ground for objection, given Dr. Mirkin was not retained as an expert, the Court finds compliance with **Rule 26(a)(2)(B)** was not required. ***See Musser v. Gentiva Health Services,*** 356 F.3d 751, 756-57 **(7th Cir. 2004)(Only those expert witnesses "*retained or specially employed to provide expert testimony*" must submit an expert report complying with Rule 26(a)(2)(B))**. As to Plaintiff's second ground for objection, the Court

finds Defendants adequately laid a foundation.  Accordingly, after considering the parties' oral arguments and Defendants' Memorandum in Opposition to Plaintiff's Objection to Portion of the Testimony of Dr. Peter Mirkin (Doc. 56), the Court overrules Plaintiff's objections on both grounds.

**IT IS SO ORDERED.**

Signed this 27th day of April, 2005.

/s/    David RHerndon
**United States District Judge**